The STATE of Ohio, Appellee,

v.

MOORE, Appellant.

[Cite as *State v. Moore* (2001), 142 Ohio App.3d 593.]

Court of Appeals of Ohio,
Fourth District, Ross County.

No. 99CA2495.

Decided April 26, 2001.

*Steven E. Drotleff* and *Scott W. Nusbaum*, for appellee.

*Roxanne Hoover*, for appellant.

KLINE, Judge.

Gregory Moore appeals his sentence for violating R.C. 2925.11, possessing cocaine. Moore asserts that the trial court erred in imposing a maximum sentence that is to be served consecutively to a sentence that he was serving at the time of the incident. Because we find that the trial court did not set forth its reasons for imposing a maximum consecutive sentence as required by R.C.

2929.19(B)(2), we agree. Accordingly, we reverse the judgment of the trial court and remand this case for resentencing.

I

In November 1998, a grand jury indicted Moore for possessing cocaine on June 29, 1998. Moore was an inmate at Chillicothe Correctional Institution ("CCI") in June 1998.

At trial, Moore admitted that he purchased cocaine from other inmates, tasted it to ensure that it was cocaine, and gave it to a guard. He asserted that he did this to be moved to a more secure facility because he could not handle the conditions at CCI. The jury found Moore guilty.

The trial court immediately held a sentencing hearing. The state pointed out Moore's prior convictions for felony theft, receiving stolen property, involuntary manslaughter, and aggravated robbery. The state argued that Moore should receive the maximum penalty because the crime occurred in a prison. After Moore made a statement, the trial court stated that it had considered (1) Moore's statement, (2) the evidence presented at trial, (3) the purposes and principle of felony sentencing pursuant to R.C. 2929.11, (4) the seriousness and recidivism factors in R.C. 2929.12, and (5) the guidance by degree of felony in R.C. 2929.13. The trial court then made the following findings: (1) Moore posed the greatest likelihood of committing future crimes, (2) consecutive sentences are necessary to protect the public from future crime and to punish Moore, (3) consecutive sentences are not disproportionate to the seriousness of the crime and the danger Moore poses to the public, and (4) Moore is not amenable to community control sanctions and a prison sentence is consistent with the purposes and principles of felony sentencing. The trial court then sentenced Moore to twelve months in a penal facility consecutive to any term of imprisonment Moore was serving when the sentence was imposed. These findings were also reflected in the trial court's sentencing entry.

On June 23, 1999, Moore appealed. In September 1999, Moore's attorney filed a motion to withdraw, alleging that he was unable to find any arguable issue for appeal and submitted a brief outlining possible issues for appeal and the reasons they had no merit. In December 1999, we directed the clerk to serve a copy of the attorney's brief upon Moore and granted Moore twenty days to file a *pro se* brief. Moore did not file a brief.

We granted the motion to withdraw but found that there were nonfrivolous issues to argue on appeal.[1] *State v. Moore* (June 26, 2000), Ross App. No.

---

1. We declined to address the merits of these issues so that Moore could be represented by counsel as guaranteed by the Sixth Amendment to the United States Constitution. *Anders v. California* (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493.

99CA2495, unreported. Therefore, we appointed new counsel to represent Moore.

In September 2000, Moore filed his brief asserting the following assignment of error:

"The trial court erred as a matter of law by failing to give separate reasons in support of its findings as required by R.C. 2929.14(C) and 2929.19(B)(2)(c) and (d) when imposing [a maximum] and consecutive sentence."

## II

In his only assignment of error, Moore argues that the trial court erred by failing to give reasons for imposing a maximum and consecutive sentence as required by R.C. 2929.19(B)(2).

An offender who has received a maximum term of imprisonment has a statutory right to appeal the sentence. R.C. 2953.08(A)(1)(a). We must not reverse a felony sentence unless we find, by clear and convincing evidence, that the sentence is unsupported by the record, or contrary to law. R.C. 2953.08(G)(1)(a) and (d).

## A

We first address Moore's argument that the trial court erred in imposing a maximum sentence without making the findings required by R.C. 2929.14(C) and without stating its reasons for doing so as required by R.C. 2929.19(B)(2)(c).

R.C. 2929.14(C) limits a trial court's authority to impose a maximum term of imprisonment. The statute prohibits a trial court from imposing the maximum term of imprisonment for an offense unless the trial court determines that the offender falls into one of four classifications. *State v. Holsinger* (Nov. 20, 1998), Pike App. No. 97CA605, unreported, 1998 WL 820035; *State v. Kauff* (Nov. 9, 1998), Meigs App. No. 97CA13, unreported, 1998 WL 789431. Maximum sentences are reserved for those offenders who (1) have committed the worst forms of the offense, (2) pose the greatest likelihood of committing future crimes, (3) are certain major drug offenders, and (4) are certain repeat violent offenders. R.C. 2929.14(C).

Here, the trial court stated at the sentencing hearing that Moore posed the greatest likelihood of committing future crimes. The trial court made the same finding in its sentencing entry. Therefore, the trial court complied with R.C. 2929.14.

However, before imposing the maximum sentence when "the sentence is for one offense," the trial court must also make "a finding that gives its reasons for

selecting the sentence imposed" and must set forth its "reasons for imposing the maximum prison term." R.C. 2929.19(B)(2)(d); *State v. Edmonson* (1999), 86 Ohio St.3d 324, 328, 715 N.E.2d 131, 134–135.

■ Here, the trial court did not set forth its reasons for imposing the maximum term, even though it imposed the maximum sentence and the sentence was for one offense. Therefore, the trial court did not comply with R.C. 2929.19(B)(2)(d). We find that the length of Moore's sentence is contrary to law.

## B

We next address Moore's argument that the trial court erred in imposing a consecutive sentence.

Under the statutory framework of R.C. 2929.14(E)(4), the sentencing court may not impose consecutive sentences unless it finds three statutory factors applicable. *State v. Brice* (Mar. 29, 2000), Lawrence App. No. 99CA21, unreported, 2000 WL 334004. First, the court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. R.C. 2929.14(E)(4). Second, the court must find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. *Id.* Third, the court must find that at least one of these three factors applies to the offender:

"(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to [R.C.] 2929.16, 2929.17, or 2929.18 * * *, or was under post-release control for a prior offense.

"(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.

"(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." R.C. 2929.14(E)(4)(a) through (c).

■ The verb "finds," as used in R.C. 2929.14(E)(4), means that "the court must note that it engaged in the analysis" called for by the statute. *State v. Edmonson* (1999), 86 Ohio St.3d 324, 326, 715 N.E.2d 131, 133–134.[2]

---

**2.** In *Edmonson,* the Ohio Supreme Court analyzed the verb "finds" within the context of R.C. 2929.14(B), which describes what a sentencing court must find before sentencing a first-time offender to a prison term longer than the minimum term authorized by statute. In our view, the word "finds" carries the same meaning in R.C. 2929.14(B) as it does in R.C.

Here, the trial court complied with R.C. 2929.14(E)(4) by finding that consecutive sentences are necessary to protect the public from future crime and to punish Moore, that consecutive sentences are not disproportionate to the seriousness of the crime and the danger Moore poses to the public, and that Moore's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by Moore. R.C. 2929.14(E)(4)(c).

However, before imposing consecutive sentences, the trial court must specify on the record that the reasons allowed by R.C. 2929.14(E)(4) justify consecutive rather than concurrent terms. R.C. 2929.19(B)(2)(c); *Edmonson; Brice.*

Here, the trial court did not set forth its reasons for imposing a consecutive sentence even though it imposed the maximum sentence and for one offense. Therefore, the trial court did not comply with R.C. 2929.19(B)(2)(c). We find that the consecutive nature of Moore's sentence is contrary to law.

### III

Because we have found that the trial court did not comply with R.C. 2929.19(B)(2), we sustain Moore's only assignment of error. Accordingly, we reverse the judgment of the trial court and remand this case to the trial court only for resentencing.

*Judgment reversed*
*and cause remanded.*

HARSHA, J., concurs.

PETER B. ABELE, P.J., concurs separately.

PETER B. ABELE, Presiding Judge, concurring in judgment and opinion.

I reluctantly agree with the principal opinion, which correctly recites the requirements of the statutes and the controlling case law. I believe, however, that this case constitutes yet another example of the elevation of form over substance.

---

2929.14(E)(4). See, *e.g., State v. Brice, supra; State v. Sullivan* (Dec. 22, 1999), Summit App. No. 19452, unreported, 1999 WL 1260878.