DECISION AND JUDGMENT ENTRY
Harmon C. Huntley appeals the judgment of the Hocking County Court of Common Pleas sentencing him to three consecutive four-year terms of imprisonment for gross sexual imposition. He raises the following assignments of error:
 FIRST ASSIGNMENT OF ERROR THE TRIAL COURT FAILED TO FOLLOW THE STATUTORY PROVISIONS OF OHIO REVISED CODE § 2929.14(E)(4) IN SENTENCING THE DEFENDANT TO CONSECUTIVE SENTENCES.
 SECOND ASSIGNMENT OF ERROR THE TRIAL COURT VIOLATED THE RIGHTS OF THE DEFENDANT AGAINST CRUEL AND UNUSUAL PUNISHMENT GUARANTEED UNDER THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE 1 SECTION IX OF THE OHIO CONSTITUTION.
Finding merit in appellant's first assignment of error, we reluctantly reverse and remand the case for re-sentencing. We overrule appellant's second assignment of error and affirm the trial court's judgment in that regard.
The grand jury indicted appellant on three counts of rape, two counts of gross sexual imposition, and one count of disseminating matter harmful to juveniles. After plea negotiations, Huntley pled no contest to three counts of gross sexual imposition. The trial court found appellant guilty on all three counts and held a combined sentencing and sexual predator hearing. The court sentenced appellant to three consecutive four-year sentences and found appellant to be a sexually oriented offender. Appellant failed to file a timely notice of appeal. However, in the interests of justice, we granted appellant's motion for delayed appeal.
In his first assignment of error, appellant argues that the trial court erred in imposing consecutive sentences. Appellant asserts that the court did not comply with the statutory requirements of R.C. 2929.14(E)(4) or R.C. 2929.19(B)(2)(c) since it did not make the requisite factual findings for consecutive sentencing. A defendant may appeal as a matter of right from a sentence that is contrary to law. R.C. 2953.08(A)(4). If a trial court fails to make the findings required by law in order to impose a sentence, the sentence is contrary to law. State v. Jones
(2001), 93 Ohio St.3d 391, 399, 754 N.E.2d 1252, 1260. We may not reverse a sentence unless we find by clear and convincing evidence that the sentence is unsupported by the record, or that it is contrary to law. R.C. 2953.08(G)(1)(a) and (d). Clear and convincing evidence is that degree of proof which will produce in the mind of the trier of fact a firm belief in their existence. State v. Schiebel (1990), 55 Ohio St.3d 71,74, 564 N.E.2d 54, 60.
In general, a prison sentence imposed by an Ohio court must run concurrently with any other sentence imposed by any other court in this country. R.C. 2929.41(A). However, a court may impose consecutive sentences under R.C. 2929.14(E)(4) when:
 * * * the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
In State v. Hiles (Nov. 6, 2000), Hocking App. No. 99CA23, unreported, a case substantially similar to the one before us, we outlined the applicable law for consecutive sentencing. The inquiry under R.C. 2929.14(E) involves a "tripartite procedure." State v. Haugh (Jan. 24, 2000), Washington App. No. 99CA28, unreported. First, the sentencing court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. Second, the trial court must find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and the danger he poses. Finally, the trial court must find the existence of one of the enumerated circumstances in R.C.2929.14(E)(4)(a) through (c). See State v. Jones (2001), 93 Ohio St.3d 391,399, 754 N.E.2d 1252, 1260; State v. Moore (2001), 142 Ohio App.3d 593,597, 756 N.E.2d 686, 688-689; State v. Martin (2000), 140 Ohio App.3d 326,334, 747 N.E.2d 318, 324. The verb "finds", as used in R.C. 2929.14(E)(4), means that the court "must note that it engaged in the analysis" required by the statute. State v. Edmonson (1999), 86 Ohio St.3d 324, 326,715 N.E.2d 131, 134; State v. Brice (Mar. 29, 2000), Lawrence App. No. 99CA21, unreported.
Additionally, the court must comply with R.C. 2929.19(B)(2)(c), which requires that the sentencing court "make a finding that gives its reasons for selecting the sentences imposed * * * [i]f it imposes consecutive sentences under section 2929.14 of the Revised Code." See, also, Jones,supra, 93 Ohio St.3d at 399, 754 N.E.2d at 1260. The requirement that a court give its reasons for selecting consecutive sentences is separate and distinct from the duty to make the findings required by R.C.2929.14(E)(4). Brice, supra. Thus, after a sentencing court has made the required findings under R.C. 2929.14(E)(4), it must then justify those findings by identifying specific reasons supporting the imposition of consecutive terms. Id. See, also, State v. Hurst (Mar. 7, 2000), Franklin App. No. 98AP-1549, unreported; State v. Winland (Jan. 26, 2000), Wayne App. No. 99CA29, unreported; State v. Blair (Dec. 27, 1999), Scioto App. No. 98CA2588, unreported.
In the sentencing entry, the court stated that it "made specific findings in regard to the sentence imposed, and hereby orders that a transcript of the proceedings be prepared and filed by the reporter, and incorporates those findings into this sentencing entry." While the better practice would be for the trial court to make explicit findings and specify its reasons for the findings in the sentencing entry, we have previously held that the findings or reasons need not be specified in the sentencing entry so long as they are discernible from the record as a whole. Blair, supra, citing State v. Patterson (Sept. 21, 1998), Washington App. No. 97CA28, unreported. Therefore, we turn to the transcript of the sentencing hearing to determine whether the court complied with the statutory requirements.
During the sentencing phase of the hearing, the trial court made the following statements:
 The law says that I may sentence [the appellant] from one year to five years on each count. I must sentence him to the shortest term unless it would demean the seriousness of the offense. I find that it would demean the seriousness of the offense because of the following factors. One, he did take his clothes off with these tiny children, show them filthy movies (sic) reenact scenes from the movies. Two, he would place his penis in their hands. Three, force their faces to his genitals. Four, both children were at least digitally penetrated by the defendant at the ages of four or five and each of them to the point that they bled. Five, severe and serious physical injury was caused to the boy and severe and serious mental injury to both children. Six, he had sexual paraphernalia about his house, including computer web site, dirty movies. Seven, he shows no remorse, denies the offenses occurred which is most dangerous because until a person admits then, it is very difficult for them to it is impossible for them to receive treatment or to in any fashion correct the predatory nature of their behavior.
 I find that the harm caused by this defendant is so great and so unusual that a single term will not adequately reflect the seriousness of his conduct and they were the same factors that I described plus some additional ones that are in the presentence report. Especially due to the fact that [the female victim] was threatened with physical harm if she told anyone. The extreme psychological problems caused to [the male victim], including nightmares, lack of concentration, sensitivity to agitation, flashbacks of abuse and intense shame which his mother described.
Even though these are his first felony convictions, they create a history that shows consecutive terms are necessary to protect the public. * * *
The court sentences to you (sic) four years on Count I, four years on Count II, four years on Count III. * * * Each four year sentence is consecutive to one another.
It is clear from the record that the trial court sought to comply with the statutory requirements for consecutive sentencing. While we have repeatedly stated the statutory scheme laid out by the legislature is a trap for the unwary, we are in the unfortunate position of applying this statute strictly. See Edmonson, supra, 86 Ohio St.3d at 326,715 N.E.2d at 133-134, which states that the General Assembly's explicit language in Chapter 29 of the Revised Code must be specifically followed. We join our colleagues in State v. Hendking, (Feb. 3, 2000), Cuyahoga App. Nos. 75179, 75180, unreported, in expressly holding that Edmonson, is applicable to the consecutive sentence context. See, also, State v.Jones, supra, at fn. 9.
The trial court complied with the first and third prongs of the statutory analysis. Nevertheless, after thoroughly reviewing the transcript, we cannot find any indication that the trial court found the consecutive sentences were not disproportionate to the seriousness of the offender's conduct and the danger he poses. See R.C. 2929.14(E)(4). It is with great reluctance that we must strictly construe R.C. 2929.14(E)(4), but we are under an impending obligation to apply the statute as written. See, also, State v. Harper (Dec. 21, 2000), Franklin App. Nos. 00AP-23-27, unreported, and State v. Owens (July 10, 2000), Warren App. No. CA99-11-127, unreported (where reversal was based upon the failure to make a specific finding regarding disproportionality as required by R.C.2929.14(E)(4).)
Our decision that the trial court failed to strictly comply with R.C.2929.14(E)(4) necessitates a finding that it also failed to comply with R.C. 2929.19(B)(2)(c). Without the required finding under the former statute, the court could not state its reasons for a nonexisting finding. See Edmonson, supra, 86 Ohio St.3d at 329, 715 N.E.2d at 135. Accordingly, we reluctantly sustain appellant's first assignment of error.
In his second assignment of error, appellant claims that his sentence amounted to cruel and unusual punishment in violation of both the United States and Ohio Constitutions. Despite the fact that we rejected similar arguments in Hiles, supra, and State v. Young (June 13, 2000), Meigs App. No. 99CA13, unreported, he asserts that the gravity of the offense does not correspond with the harshness of the penalty. Generally, a sentence that complies with the terms of a valid statute cannot amount to cruel and unusual punishment. McDougle v. Maxwell (1964), 1 Ohio St.2d 68,69, 203 N.E.2d 334, 336. Moreover, in order for a sentence to violate the constitutional prohibition against cruel and unusual punishment, the penalty must be so "greatly disproportionate to the offense as to shock the sense of justice of the community." State v. Chaffin (1972),30 Ohio St.2d 13, 282 N.E.2d 46, paragraph three of the syllabus;McDougle, supra, 1 Ohio St.2d at 70, 203 N.E.2d at 336.
Here, the statute permitted the trial court to sentence the appellant from one to five years on each count. See R.C. 2929.14(A)(3). The trial court sentenced Huntley to four years on each count, which was within the statutorily permissible range. In addition, the trial court discussed many reasons why the minimum sentence was not warranted in this case and stated its belief that this was one of the "very worst cases of sex abuse under the gross sexual imposition statute." The trial court also stated compelling reasons why consecutive sentences were warranted in this case. While the trial court may not have strictly complied with Ohio's statutory scheme, its oversight clearly does not amount to cruel and unusual punishment. Moreover, it is difficult to fathom how appellant can argue with a straight face that his sentence is too harsh when compared to his offense. These two very young children trusted appellant, as they considered him to be their grandfather; appellant violated them in some of the most despicable ways imaginable; and not surprisingly, appellant's actions have caused severe physical and psychological damage to the children. We find it difficult to imagine how appellant's sentence would in any way "shock the sense of justice of the community." Rather, it is appellant's conduct that is shocking. Appellant's second assignment of error is overruled.
Having sustained appellant's first assignment of error, we reverse and remand this matter to the trial court for re- sentencing.
JUDGMENT REVERSED AND REMANDED IN PART AND AFFIRMED IN PART.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND REMANDED IN PART AND AFFIRMED IN PART and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Hocking County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, J. Evans, J.: Concur in Judgment and Opinion.