OPINION
Defendant-appellant Jennifer Ellis ("Ellis") brings this appeal from the judgment of the Court of Common Pleas of Auglaize County sentencing her to serve 24 months on two fifth degree felonies.
On May 7, 2001, Ellis filed a police report claiming that her purse had been stolen and that her prescriptions for Xanax and Zoloft were in the purse at the time. Ellis was under community control sanctions at the time for deception to obtain dangerous drugs. Thus, her probation officer asked her to submit to a polygraph test, which Ellis refused. Ellis later admitted that the prescription drugs were not stolen, but claimed that she was attempting to get more after she took all of her Xanax in a failed suicide attempt. Ellis admitted that when her suicide attempt failed, she panicked because she no longer had any medication left until her next refill and she did not want to tell her doctor that she had attempted suicide. Ellis claims that she then manufactured the story of the theft in order to get more Xanax.[1]
On May 31, 2001, the police were contacted that Ellis had altered a prescription for Vicodin, changing it to be a prescription for Vicodin ES. This change was confirmed by the prescribing physician. Ellis originally denied any involvement in the alteration. She then claimed that her boyfriend had altered the prescription. Later, she again changed her story and admitted that she had made the alteration.
On June 21, 2001, Ellis was indicted on two counts of deception to obtain dangerous drugs, both fifth degree felonies, and one count of illegal processing of drug documents, a fifth degree felony. Ellis entered pleas of not guilty to all counts. Pursuant to a plea agreement, Ellis pled guilty to one count of deception to obtain dangerous drugs and one count of illegal processing of drug documents. The other count was dismissed. On September 19, 2001, the trial court found Ellis not amenable to community control and sentenced Ellis to serve 12 months in prison on each count. The sentences were ordered to run consecutively. It is from this judgment that Ellis appeals.
Ellis raises the following assignments of error.
 "The trial court committed prejudicial error when it failed to properly follow the sentencing criteria set forth in [R.C. 2929.14] resulting in Ellis receiving a sentence which is contrary to law.
"The trial court's ordering that the sentences of Ellis are to be served consecutively to each other was unsupported by the record and was contrary to law."
Both of Ellis's assignments of error claim that the trial court did not follow the requirements set forth in R.C. 2929. Thus we will address them together. The following statute sets forth the sentencing requirements that must be met to sentence a defendant to maximum and/or consecutive sentences.
"[I]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
"(C) Except as provided in [R.C. 2925.14(G) or R.C. 2925] the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to [R.C. 2929.14(A)] only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under [R.C. 2929.14(D)(3)], and upon certain repeat violent offenders in accordance with [R.C. 2929.14(D)(2)].
"* * *
"[E](4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
"(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code or was under post-release control for a prior offense." R.C. 2929.14.
"(A) Unless a mandatory prison term is required by [R.C. 2929.13(F) or R.C. 2929.14] a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in [R.C. 2929.11]. In exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct and the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing.
"(B) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense:
 "(1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.
 "(2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.
 "(3) The offender held a public office or position of trust in the community, and the offense related to that office or position.
 "(4) The offender's occupation, elected office or profession obliged the offender to prevent the offense or bring others committing it to justice.
 "(5) The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.
 "(6) The offender's relationship with the victim facilitated the offense.
 "(7) The offender committed the offense for hire or as a part of an organized criminal activity.
 "(8) In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion.
"(C) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense:
"(1) The victim induced or facilitated the offense.
 "(2) In committing the offense, the offender acted under strong provocation.
 "(3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.
 "(4) There are substantial ground to mitigate the offender's conduct, although the grounds are not enough to constitute a defense.
"(D) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes:
 "(1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing, under a sanction imposed pursuant to [R.C. 2929.16, R.C. 2929.17, or R.C. 2929.18] or under post-release control pursuant to [R.C. 2967.28] or any other provision of the Revised Code for an earlier offense.
 "(2) The offender previously was adjudicated a delinquent child pursuant to [R.C. 32151], or the offender has a history of criminal convictions.
 "(3) The offender has not * * * responded favorably to sanctions previously imposed for criminal convictions.
 "(4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.
 "(5) The offender shows no genuine remorse for the offense.
"(E) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes.
 "(1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.
 "(2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.
 "(3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.
 "(4) The offense was committed under circumstances not likely to recur.
 "(5) The offender shows genuine remorse for the offense." R.C. 2929.12.
The charges brought against Ellis are malum prohibitum, not malum inse. The attempt to procure the drugs was for her own use, not that of others and she did not endanger or even threaten to harm anyone to complete her offense. Thus, there was no victim who suffered physical, mental, or economic injury of any kind.[2] Ellis did not have any public office, occupation, reputation or relationship that furthered her offenses. Nor did Ellis commit the offense as part of an organized criminal activity or out of any prejudice. Therefore, none of the factors in R.C. 2929.12(B) which would make the crime more serious than others apply.
As for the factors under R.C. 2929.12(C), which would make the offense less serious, the evidence is clear that Ellis did not cause or expect to cause any physical harm to any person or property. The result of this analysis is that Ellis's offense was less serious than other offenses of this charge.[3]
The trial court then considered factors indicating that Ellis is more likely to commit future crimes. These factors are that she was under community control sanctions at the time of the offense, indicating that she has a previous criminal conviction.[4] The evidence also indicates that Ellis has a history of drug abuse and that she has not been successfully rehabilitated. At the time of sentencing, Ellis had been released from a drug treatment facility because she was at a standstill in her treatment and could not proceed further in her treatment because of her denial of the problem. The only factor indicating that Ellis is less likely to commit future crimes of a similar nature is that she was never adjudicated as a delinquent child.[5] Given these factors, Ellis is more likely to commit future crimes and will be likely to do so until she is free of her addiction to drugs.
In her assignments of error, Ellis claims that the trial court erred by sentencing her to maximum, consecutive sentences. In order to sentence a defendant to prison for a fifth degree felony, the trial court must find that a prison term is consistent with the purposes and principles of sentencing as set forth in R.C. 2929.12 and that the defendant is not amenable to community control. R.C. 2929.13(B)(2). Here, the trial court did not make the necessary findings. Without these findings, the trial court erred by sentencing Ellis to prison.
"Based on the recent changes to the sentencing law in Ohio, minimum sentences are favored for first-time imprisonment and maximum sentences are disfavored generally." State v. Edmonson (1999), 86 Ohio St.3d 324,325, 715 N.E.2d 131. A trial court may sentence an offender to maximum sentences if it finds either that this is the most serious form of the offense or that the offender has the greatest likelihood of committing further crimes. R.C. 2929.14(B). Since Ellis has never served a previous prison term, the statute presumes that she is entitled to receive the shortest prison term. The trial court made several findings of seriousness based upon the potential economic and physical harm to the offender if she continues to use drugs. The harm that is to be considered is the harm to the victim, not the offender. There is no evidence that Ellis suffered any physical or economic harm by getting her prescribed drugs. The trial court also considered the potential harm that could have occurred had Ellis succeeded in obtaining the painkillers, taken them, and then driven while under their influence. The trial court is permitted to consider potential consequences of the crime, however, this consideration must be more than mere speculation. Since the consequences considered by the trial court are possible anytime someone abuses a substance the mere presence of the possibility of the consequences do not make the offense more serious than other acts which make up the same offense. Thus, there is no evidence to support the trial court's findings that this is a more serious offense than others that constitute this offense and those findings are arbitrary.
However, the trial court also found that maximum sentences are necessary to prevent Ellis from committing future crimes. The recidivism factors show that Ellis is a great risk for repeating her offenses. The statute permits the trial court to impose maximum sentences if it finds that it is necessary to prevent future crimes. This is not the normal drug addiction case that frequently appears before the trial court.[6]
Given the facts of this case and the presumption that Ellis is entitled to the minimum sentence since she has never served a prior prison term, the maximum sentence may be excessive. However, the trial court has the discretion to impose any lawful sentence. The trial court found that the maximum sentence was necessary to prevent future crimes and the analysis of Ellis's recidivism factors supports the conclusion that she is likely to repeat her offense. Thus, we cannot find that the trial court abused its discretion in sentencing Ellis to a maximum sentence.
Ellis also claims that the trial court erred by sentencing her to consecutive sentences.
"Under the statutory framework of R.C. 2929.14(E)(4), the sentencing court may not impose consecutive sentences unless it finds three statutory factors applicable. First, the court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. Second, the court must find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Third, the court must find that at least one of these three factors applies to the offender:
"(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to [R.C. 2929.16, 2929.17, or 2929.18] * * *, or was under post-release control for a prior offense." State v. Moore (2001), 142 Ohio App.3d 593,597, 756 N.E.2d 68 (citations omitted).
Here, the trial court found that consecutive sentences were necessary to adequately protect the public from future crimes and to punish the offender and that Ellis was on community control sanctions at the time of the offenses. However, the trial court failed to find that the sentence was not disproportionate to the seriousness of the offenses. The trial court also failed to state its reasons for imposing consecutive sentences. R.C. 2929.19(B)(2)(c) requires the trial court to state its reasons for imposing consecutive sentences on the record.
As discussed above, the analysis of the seriousness of this offense, as set forth in the presentence investigation report, shows that it is less serious than other offenses of the same nature. Thus, the evidence does not support a finding that sentencing Ellis to maximum, consecutive sentences is not disproportionate to the offenses. Since the trial court did not make the findings required by statute and did not place its reasons for consecutive sentences on the record, the assignments of error are sustained.
The judgment of the Court of Common Pleas of Auglaize County is reversed and remanded for resentencing.
Judgment Reversed and Cause Remanded.
WALTERS, J. concurs in judgment only.
HADLEY, J. concurs in judgment only.
[1] Ellis did not take the Zoloft and the medication was found in her house.
[2] The trial court did find that Ellis's actions, if successful, could result in harm to herself, her child, or others.
[3] A review of the pre-sentence investigation revealed that none of the factors for more serious were present while the factors for a less serious offense either present or were not applicable.
[4] Ellis was on community control sanctions ordered by the Common Pleas Court of Franklin County. Franklin County chose not to proceed on the violations of her community control sanction prior to this conviction. The trial court indicated that it was not aware of any proceedings by Franklin County at the time of sentencing.
[5] It should be noted that after Ellis's release from the rehabilitation center, she was continuing with out-patient treatment for her problem and indicated a willingness to continue to do so.
[6] The record reveals that Ellis has some mental health problems which resulted in her being given prescriptions for Xanax, which is used to treat anxiety disorders, and Zoloft, which is used to treat depression. These drugs were prescribed for her by a licensed physician who determined that they were medically necessary to combat the mental heath disorders suffered by Ellis. Given the use of these two drugs, it is possible that they are medically necessary and no amount of drug rehabilitation will permit her to cease her use of these or similar drugs.