DECISION AND JUDGMENT ENTRY
John Rinehart appeals the Jackson County Court of Common Pleas' imposition of the maximum sentence upon him for a single conviction of sexual battery. Because the trial court failed to make the findings required by R.C. 2929.14(C), and further because the trial court failed to state its reasons for those findings as required by R.C.2929.19(B)(2)(d), we agree. Rinehart also asserts that he did not receive effective assistance of counsel at the sentencing hearing because his trial counsel failed to object to the imposition of the maximum sentence. Based upon our resolution of Rinehart's first assignment of error, we find that his second assignment of error is moot, and we therefore decline to address it. Accordingly, we sustain Rinehart's first assignment of error and remand this cause to the trial court for resentencing in accordance with this opinion.
 I.
The Jackson County Grand Jury indicted Rinehart on one count of rape, a violation of R.C. 2907.02(A)(1)(c) and a felony of the first degree. Rinehart initially pled not guilty. Pursuant to a plea agreement, Rinehart later pled guilty to a reduced charge of sexual battery, a violation of R.C. 2907.03 and a felony of the third degree.
The trial court accepted Rinehart's change of plea and proceeded to sentencing. At the sentencing hearing, the court stated the following with regard to a maximum sentence: (1) the victim was helpless, (2) a lesser sentence would pose a danger to the public, and (3) a lesser sentence would be inappropriate punishment. Additionally, in its sentencing entry, the court stated that it had "considered the record, oral statements, any victim impact statements and PSI prepared, as well as the principles and purposes of sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12."
Rinehart timely appealed. His court appointed counsel advised this Court that he reviewed the record and could discern no meritorious claims for appeal and moved to withdraw as counsel pursuant to Anders v.California (1967), 386 U.S. 738. We disagreed, finding that a non-frivolous argument could be made that the trial court failed to comply with R.C. 2929.14(C) and 2929.19(B)(2)(d). State v. Rinehart
(Dec. 17, 2001), Jackson App. No. 01CA8. Therefore, we appointed new counsel to represent Rinehart in this appeal.
Rinehart now asserts the following assignments of error:
 "I. THE TRIAL COURT'S IMPOSITION OF THE MAXIMUM SENTENCE IS CONTRARY TO LAW AND NOT SUPPORTED BY THE RECORD. HENCE, THIS SENTENCE VIOLATED MR. RINEHART'S RIGHTS UNDER R.C. 2929.14(C) AND 2929.19, AND UNDER THE DUE PROCESS CLAUSES OF THE OHIO AND UNITED STATES CONSTITUTIONS.
 "II. MR. RINEHART WAS DENIED HIS RIGHTS TO COUNSEL AND DUE PROCESS UNDER THE OHIO AND UNITED STATES CONSTITUTIONS BY HIS COUNSEL'S FAILURE TO OBJECT TO THE IMPOSITION OF THE MAXIMUM SENTENCE."
 II.
A defendant may appeal as a matter of right a non-mandatory maximum sentence for a single offense. R.C. 2953.08(A)(1). R.C. 2929.14(C) limits a trial court's authority to impose a maximum term of imprisonment. The statute prohibits a trial court from imposing the maximum term of imprisonment for an offense unless the trial court determines that the offender falls into one of four classifications. State v. Moore (2001),142 Ohio App.3d 593, 596, citing State v. Holsinger (Nov. 20, 1998), Pike App. No. 97CA605; State v. Kauff (Nov. 9, 1998), Meigs App. No. 97CA13. Maximum sentences are reserved for those offenders who: (1) have committed the worst forms of the offense; (2) pose the greatest likelihood of committing future crimes; (3) certain major drug offenders; and (4) certain repeat violent offenders. R.C. 2929.14(C).
Additionally, before imposing the maximum sentence when the offender is convicted of only one offense, the trial court must also make "a finding that gives its reasons for selecting the sentence imposed" and must set forth its "reasons for imposing the maximum prison term." Moore at 596-597, quoting R.C. 2929.19(B)(2)(d); State v. Edmonson (1999),86 Ohio St.3d 324, 328. The General Assembly created these requirements to ensure compliance with its "enacted policy * * * meant for curtailing the imposition of maximum terms." Edmonson at 329.
In this case, the trial court did not make any of the findings required by R.C. 2929.14(C). The State urges us to affirm nonetheless because the record contains evidence that Rinehart committed the worst form of the offense and poses the greatest likelihood of future crimes. However, even if we agreed, we could not affirm the sentence in this case because the trial court did not set forth its reasons for imposing the maximum term. The trial court was required to do so in this instance because it imposed the maximum sentence and the sentence was for a single offense. R.C.2929.19(B)(2)(d); Moore at 597.
Because the trial court did not comply with R.C. 2929.19(B)(2)(d), we find that the length of Rinehart's sentence is contrary to law. Therefore, we sustain Rinehart's first assignment of error, and remand this cause to the trial court for resentencing.
 III.
In his second assignment of error, Rinehart asserts that he did not receive effective assistance of counsel in the trial court. We find that this assignment of error is moot, as the actions of Rinehart's trial counsel at his original sentencing hearing will have no impact upon the result of the resentencing hearing ordered herein. Accordingly, we decline to address Rinehart's second assignment of error pursuant to App.R. 12(A)(1)(c).
We sustain Rinehart's first assignment of error and remand this cause to the trial court for resentencing in accordance with this opinion.
JUDGMENT REVERSED AND REMANDED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED and the cause remanded to the trial court for further proceedings consistent with this opinion and that costs herein be taxed to the appellee.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Jackson County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.