OPINION
{¶ 1} Appellant, Pedro Torres, appeals from the judgment entered by the Lake County Court of Common Pleas.
 {¶ 2} Torres was indicted by the Lake County Grand Jury on one count of engaging in a pattern of criminal activity; nine counts of burglary, five of which carried a firearm specification; eight counts of theft; seven counts of grand theft, five of which carried a firearm specification; and one count of receiving stolen property.
 {¶ 3} Torres pled guilty to one count of engaging in a pattern of criminal activity; five counts of burglary, four of which included a firearm specification; and one count of receiving stolen property. In exchange for this guilty plea, the remaining charges against Torres were dropped.
 {¶ 4} Torres was sentenced to serve one year for each of the firearm specifications, to be served consecutively to three-year sentences for each of the burglary convictions. The burglary sentences were to be served consecutively to each other and to a four-year sentence for the engaging in a pattern of criminal activity conviction and a one-year sentence for the receiving stolen property conviction. Torres' total prison term was twenty-four years.
 {¶ 5} Torres raises a single assignment of error, which is:
 {¶ 6} "The trial court erred to the prejudice of the defendant-appellant when it ordered consecutive sentences."
 {¶ 7} Pursuant to R.C. 2953.08(G), a reviewing court will not disturb a defendant's sentence unless it finds, "by clear and convincing evidence, that the record does not support the sentence or that the sentence is otherwise contrary to law."[1]
 {¶ 8} The trial court is required to make certain findings before issuing consecutive sentences. Some of those required findings are set forth in R.C. 2929.14(E)(4), which states:
 {¶ 9} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 10} "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 11} "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 12} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 13} In addition to the findings mandated by R.C. 2929.14(E)(4), the trial court is required to state its reasons for imposing consecutive sentences pursuant to R.C. 2929.19(B)(2)(c), which states:
 {¶ 14} "(B)(2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
 {¶ 15} "***
 {¶ 16} "(c) If it imposes consecutive sentences under section2929.14 of the Revised Code, its reasons for imposing consecutive sentences."
 {¶ 17} In order to comply with these sentencing provisions, the record must contain specific operative facts that indicate the trial court considered the statutory factors in its sentencing decision.[2]
Moreover, a mere repetition of the statutory language is insufficient without an analysis of how the defendant's conduct met the factors contained therein.[3]
 {¶ 18} The trial court made findings pursuant to the factors in R.C. 2929.14(E). However, the trial court did not state its reasons for imposing consecutive sentences, which is required by R.C.2929.19(B)(2)(c).[4] In Edmonson, the Supreme Court of Ohio held that a trial court must state its reasons for imposing the maximum sentence.[5]
This court has extended the Edmonson holding to apply to consecutive sentences.[6] The rationale of this extension is that R.C. 2929.19(B)(2) applies to both consecutive and maximum sentences.[7]
 {¶ 19} The state argues that the trial court did comply with R.C.2929.19(B)(2)(c), because of the language in the judgment entry of "for the reasons stated in the record." After reviewing both the record of the sentencing hearing and the court's judgment entry of sentence, we do not see that the trial court ever stated its reasons for imposing consecutive sentences. The state also asserts that because the trial court referenced the record, all of the statements set forth in the record, including those by the prosecuting attorney and the victims, were incorporated by reference into the trial court's judgment entry, and, thus, the judgment met the requirements of 2929.19(B)(2)(c). We do not agree. The trial court is required to state its own reasons for imposing consecutive sentences.[8]
 {¶ 20} The state also contends that the trial court gave an adequate reason for imposing consecutive sentences, in that they were required by law pursuant to R.C. 2929.14(E)(1) or (2). R.C. 2929.14(E)(1) requires that firearm specifications are served consecutive to the sentence for the underlying crime. Torres was not only ordered to serve the firearm sentences consecutively, but was required to serve all the sentences for the underlying offenses consecutively to each other.
 {¶ 21} R.C. 2929.14(E)(2), generally concerns felonies that were committed while in prison or as an escapee from prison. The record does not indicate that these facts were present in this case, and, without a more specific finding from the trial court, this broad statement does not satisfy the requirements of R.C. 2929.19(B)(2)(c).
 {¶ 22} The trial court did not adequately comply with the statutory requirements of the sentencing statutes. Specifically, the court did not state its reasons for imposing consecutive sentences pursuant to R.C. 2929.19(B)(2)(c).
 {¶ 23} Based on the foregoing analysis, Torres' assignment of error has merit.
 {¶ 24} The judgment of the trial court is reversed, and this case is remanded to the trial court for resentencing.
DONALD R. FORD and JUDITH A. CHRISTLEY, JJ., concur.
[1] State v. Fitzpatrick (Dec. 2, 2000), 11th Dist. No. 99-L-164, 2000 Ohio App. LEXIS 5608, at *13.
[2] State v. Baldwin (June 29, 2001), 11th Dist. No. 99-A-0069, 2001 Ohio App. LEXIS 2965, at *16, citing State v. Kase (Sept. 25, 1998), 11th Dist. No. 97-A-0083, 1998 Ohio App. LEXIS 4498, at *4.
[3] Id., see also, State v. Gary (2001), 141 Ohio App.3d 194, 197.
[4] See State v. Bradford (June 1, 2001), 11th Dist. No. 2000-L-103, 2001 Ohio App. LEXIS 2487, at *11.
[5] State v. Edmonson (1999), 86 Ohio St.3d 324, 328.
[6] State v. Hoskins (Mar. 16, 2001), 11th Dist. No. 2000-A-0037, 2001 Ohio App. LEXIS 1232, at *8, see, also, State v. Moore (2001),142 Ohio App.3d 593, 597, fn. 2.
[7] R.C. 2929.19(B)(2)(c) and (d).
[8] R.C. 2929.19(B)(2)(c).