DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Ottawa County Court of Common Pleas, following a guilty plea, in which the trial court found appellant, Walter Neighbor, guilty of one count of forgery, a fifth degree felony, and sentenced him to serve 12 months in prison. On appeal, appellant sets forth the following two assignments of error:
 {¶ 2} "I. The trial court erred in imposing the maximum twelve month prison term upon the defendant-appellant in that it did not comply with the requirements of Ohio Revised Code Section 2929.11 et seq.
 {¶ 3} "II. The trial court erred when it failed to properly advise defendant-appellant of the reasons for the imposition of the maximum sentence of twelve months."
 {¶ 4} The following undisputed facts are relevant to the issues raised in this appeal. On February 9, 2003, someone broke into a room at the Best Western Motel in Port Clinton, Ohio. Several items were stolen from the room, including a checkbook belonging to Elaine Dawson, of Spring City, Tennessee. That same day, three of Dawson's checks were used to purchase merchandise at a local WalMart. However, when a fourth check was presented, it was declined by the store. After Dawson reported that the checks were stolen, police reviewed WalMart's surveillance tapes and saw appellant, accompanied by two other individuals, cashing the stolen checks. Photos taken from the video were then shown to employees at the Best Western Motel, who identified appellant as a former guest at the motel.
 {¶ 5} On February 27, 2003, the Ottawa County Grand Jury indicted appellant on one count of forgery. On October 24, 2003, appellant pled guilty to the sole charge in the indictment. After explaining the ramifications of the plea to appellant and inquiring as to the nature and voluntariness of the plea, the trial court found appellant guilty and ordered a presentence investigation.
 {¶ 6} On January 9, 2004, a sentencing hearing was held. At that start of the hearing, the trial court stated that it had reviewed the presentence investigation report, which included facts surrounding the crime with which appellant was charged. The report also contained a recitation of appellant's extensive criminal record, which included past felony convictions for robbery, various drug related convictions, a pending OMVI offense, and a pending 24-count criminal indictment in Delaware County. Appellant and defense counsel told the court that they had reviewed the contents of the presentence report, and were ready to proceed to sentencing. The following exchange then took place between the trial court, appellant and defense counsel:
 {¶ 7} The Court: "Mr. Neighbor, is there anything you wish to say to me regarding this charge generally, any reason you know why sentence should not be pronounced at this time or anything you have to say in mitigation of or regarding any possible punishment that I might impose?"
 {¶ 8} Appellant: "No, sir."
 {¶ 9} Defense Counsel: "Basically, my client, Your Honor, understands that he is going to be placed in prison, and he understands that his record is such. I think he wants to just get this behind him and go and deal with those Delaware cases."
 {¶ 10} After hearing the above statements, the court ordered appellant to serve 12 months in prison for forgery. It is from that judgment that appellant appeals.
 {¶ 11} Appellant asserts in his first assignment of error that the trial court erred by imposing a prison sentence for a fifth degree felony without complying with all of the mandatory sentencing criteria set forth in R.C. 2929.11 and 2929.12.
 {¶ 12}
Appellant was convicted of forgery in violation of R.C. 2913.31(A)(3), a felony of the fifth degree. Pursuant to R.C. 2929.14(A)(5), the range of prison terms for a fifth degree felony is between six and twelve months. As set forth above, in this case, the trial court ordered appellant to serve twelve months in prison, the maximum term allowable by law.
 {¶ 13} R.C. 2929.13(B)(1) provides that, in sentencing an offender for a fifth degree felony, the sentencing court shall determine if any of the following relevant conditions apply:
 {¶ 14} "(g) The offender at the time of the offense was serving, or the offender previously had served, a prison term.
 {¶ 15} "(h) the offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance. * * *"
 {¶ 16} Pursuant to R.C. 2929.13(B)(2)(a), once a finding is made pursuant to R.C. 2929.13(B)(1)(a)-(i), "and the court, after considering the factors set forth in section 2929.12 of the Revised Code, finds a that prison term is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code and finds that the offender is not amenable to an available community control sanction, the court shall impose a prison term upon the offender."
 {¶ 17} R.C. 2929.11(A) states that the overriding purpose of the felony sentencing statutes is to "protect the public from future crime by the offender and others and to punish the offender." To achieve this purpose, the trial court "shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." Id. Accordingly, the trial court's sentence should be reasonably calculated to achieve these purposes, mindful of the seriousness of the offender's conduct and its impact upon the victim, and consistent with other sentences imposed for similar conduct by similar offenders. R.C. 2929.11(B).
 {¶ 18} Pursuant to R.C. 2929.12(A), the trial court has discretion in determining "the most effective way to comply with the principles and purposes of sentencing set forth in R.C. 2929.11 * * *." Id. However, in exercising its discretion, the trial court must consider the factors enumerated in R.C. 2929.12(B) and (C) to determine whether the offender's conduct is more serious or less serious than conduct normally constituting the offense. In addition, the court must further evaluate the factors enumerated in R.C. 2929.12(D) and (E), which relate to the likelihood that the offender will commit future crimes.
 {¶ 19} In making the mandatory determinations pursuant to R.C. 2929.12, the trial court is not required to use specific language or make specific findings. State v. Arnett (2000), 88 Ohio St.3d 208, 215. In fact, a trial judge may satisfy his or her duty under R.C. 2929.12 with nothing more than a rote recitation that the applicable factors were considered. Id.
 {¶ 20} In this case, the trial court stated at the sentencing hearing that it had considered that overriding purposes of sentencing pursuant to R.C. 2929.11, along with the state legislature's directive to impose a sentence that will both protect the public and punish the offender. The court then stated that it had reviewed the factors set forth in R.C.2929.12. Thereafter, the court found that the factors supporting the seriousness of the offense were that the victim suffered economic harm and appellant obtained the victim's checkbook after illegally entering her motel room. The court stated that "[l]ess serious indicators are not present."
 {¶ 21} As to whether appellant was likely to reoffend, the trial court noted that appellant committed the instant offense while he was on bail in Delaware county, he has an extensive prior criminal history, and he did not demonstrate a favorable response to criminal sanctions in the past. The court also noted that appellant has a history of substance and/or alcohol abuse, and that he did not acknowledge the need for treatment. The court stated that appellant "shows no genuine remorse" for his crimes. As to whether appellant was less likely to reoffend, the court noted appellant's lack of a juvenile record.
 {¶ 22} In addition to the above, the trial court found that the factors set forth in R.C. 2929.13(B)(1)(g) and (h) applied to appellant, in that he had served a prior prison term, and "this offense was committed while [appellant] was under bail from previous cases, and in fact, [appellant] committed his OMVI violation in Delaware County, after he had already entered a guilty plea * * *." Both at the sentencing hearing and in the sentencing judgment entry filed on January 13, 2004, the trial court recited the factors in support of imposing a prison term, as set forth at the sentencing hearing, before finding that appellant is not amenable to community control and stating that a prison term is consistent with the purposes and principles of sentencing as stated in R.C. 2929.11.
 {¶ 23} This court has considered the entire record of proceedings that was before the trial court and, upon consideration thereof and the law finds that the trial court complied with the requirements of R.C. 2929.11,2929.12 and 2929.13 and Arnett, supra. Accordingly, the trial court did not err by ordering appellant to serve a prison term for a fifth degree felony. Appellant's first assignment of error is not well-taken.
 {¶ 24} Appellant asserts in his second assignment of error that the trial court erred by ordering him to serve the maximum 12-month prison term for a fifth degree felony. In support thereof, appellant argues that the trial court failed to comply with the statutory requirements of R.C.2929.14(C) and did not state its reasons for imposing the maximum sentence for a single offense as required by R.C. 2929.19(B)(2)(d).
 {¶ 25} We note at the outset that an offender who receives the maximum prison term for only one offense has a statutory right to appeal the sentence. R.C. 2953.08(A)(1)(a). On review, an appellate court cannot reverse a felony sentence unless we find, by clear and convincing evidence, that the record does not support the sentencing court's findings or the sentence is otherwise contrary to law. R.C.2953.08(G)(2)(a) and (b).
 {¶ 26} In order to sentence an offender to the maximum term of incarceration, a trial court must make certain findings pursuant to R.C.2929.14(C). Specifically, "the record must reflect that the trial court imposed the maximum sentence based on the offender satisfying one of the listed criteria in R.C. 2929.14(C)." State v. Edmonson (1999),86 Ohio St.3d 324, 329. Those criteria are: (1) the offender committed the worst from of the offense; (2) the offender poses the greatest likelihood of committing future crimes; (3) the offender is a major drug offender; and (4) the offender is a repeat violent offender. R.C.2929.14(C).
 {¶ 27} In addition, pursuant to R.C. 2929.19(B)(2)(d), if the sentencing court imposes a maximum prison term for a single offense pursuant to R.C. 2929.14(C), it must set forth its reasons for doing so. See State v. Moore (2001), 142 Ohio App.3d 593, 597, citingEdmonson, supra, at 326. Those reasons must be stated at the sentencing hearing. See State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, paragraph two of the syllabus; State v. Newman, 100 Ohio St.3d 24, 2003-Ohio-4754.
 {¶ 28} In this case, the trial court found, pursuant to R.C. 2929.14(C), that:
 {¶ 29} "while the Defendant did not commit the worst form of this offense, a shorter prison term than the maximum would demean the seriousness of the defendant's conduct, would not adequately protect the public from the Defendant, and he shows the greatest likelihood of committing future offenses.
 {¶ 30} "Accordingly, [appellant] is sentenced to a term of twelve months in the Bureau of Rehabilitation and Corrections.
 {¶ 31} "Also, because I have imposed the maximum term possible, I am required to state findings on the record indicating why I did that, and those findings, I incorporate by reference all the various factors and findings that I have previously stated at this hearing."
 {¶ 32} Similarly, in the sentencing judgment entry, the trial court stated:
 {¶ 33} "The Court finds the shortest term would demean the seriousness of the offense. The longest term is necessary to protect the public; and Defendant has the greatest likelihood of reoffending.
 {¶ 34} "The Court incorporates all findings from this hearing by reference as the basis of imposing the longest term."
 {¶ 35} Upon consideration of the foregoing, we find that the trial court made the required findings pursuant to R.C. 2929.14(C). However, we must further determine whether the trial court fulfilled the requirements of R.C. 2929.19(B)(2)(d) when it incorporated by reference to the record it reasons for imposing the maximum sentence.
 {¶ 36} As set forth above, the transcript of the sentencing hearing shows that, before imposing the maximum prison term, the trial court recited appellant's lengthy criminal history, his history of substance abuse, his pending OMVI violation, and the pending criminal indictment against him in Delaware County. In addition, the trial court stated at the hearing that it had reviewed appellant's presentence report, which stated that appellant obtained the victim's checkbook by breaking into her motel room. Although appellant was given the opportunity to speak at the sentencing hearing, he did not dispute the information in the report or make any other statements on his own behalf.
 {¶ 37} This court has reviewed the entire record of proceedings that was before the trial court and, upon consideration thereof and the law, finds that the trial court adequately articulated its reasons for imposing the maximum sentence at the sentencing hearing, as required by R.C. 2929.19(B)(2)(d). Accordingly, we cannot find, by clear and convincing evidence, that the record does not support the sentencing court's findings or that the sentence is otherwise contrary to law. Appellant's second assignment of error is not well-taken.
 {¶ 38} The judgment of the Ottawa County Court of Common Pleas is hereby affirmed. Pursuant to App.R. 24, costs of these proceedings are assessed to appellant.
Judgment affirmed.
Handwork, J.
Pietrykowski, J. Singer, P.J. Concur.