DECISION AND JUDGMENT ENTRY
{¶ 1} Amanda Bellomy appeals the judgment of the Scioto County Court of Common Pleas sentencing her to two consecutive three-year terms of imprisonment for robbery. Bellomy claims that the trial court erred in resentencing her since the court failed to comply with the mandates of Crim.R. 32(A)(1), thus depriving her of her right to allocution. She also contends that her sentence was contrary to law because the trial court failed to state adequate reasons for its findings as required by R.C.2929.19(B)(2)(c). Finally, Bellomy argues that her sentence is contrary to law since the record does not support the trial court's findings. Given the fact that the trial court failed to address appellant or give her an opportunity to speak at her resentencing, we reverse and remand this case in order for the trial court to comply with Crim.R. 32(A)(1). However, we find that the remainder of the trial court's judgment was in compliance with the sentencing statutes.
 {¶ 2} In December, 1999, and January, 2000, Amanda Bellomy, her boyfriend, Jeremy Hill, and Steve Hamilton, took part in the commission of several bank robberies. The first two robberies occurred in Scioto County, Ohio and the third one was committed in Ross County, Ohio. Appellant was originally arrested and indicted in Ross County, Ohio for complicity to aggravated robbery with a firearm specification. She pled guilty to a reduced charge and was sentenced to two years incarceration.
 {¶ 3} During this period of incarceration, the Scioto County grand jury indicted appellant on two counts of aggravated robbery, each with a firearm specification. Appellant filed a motion to suppress, which the trial court denied. Subsequently, appellant pled guilty to two third degree felony charges of robbery. She also agreed to cooperate with prosecutors in their case against Mr. Hamilton. Due in part to the testimony of Bellomy, the prosecution of Mr. Hamilton was successful.
 {¶ 4} The trial court sentenced appellant to two consecutive three-year periods of imprisonment. She then appealed her sentence to this court. In State v. Bellomy (Dec. 19, 2001), Scioto App. No. 00CA2755, we remanded that part of the trial court's judgment that imposed consecutive sentences, finding that the trial court did not strictly comply with R.C. 2929.14(E). Following a resentencing hearing, the court again imposed two consecutive three-year sentences. Appellant commenced this second appeal, raising the following assignments of error:
 {¶ 5} FIRST ASSIGNMENT OF ERROR — THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT IN SENTENCING THE DEFENDANT WITHOUT COMPLYING WITH THE MANDATES SET FORTH IN RULE 32(A)(1) OF THE OHIO RULES OF CRIMINAL PROCEDURE. THE COURT THEREBY DEPRIVED THE DEFENDANT OF HER RIGHT TO ALLOCUTION.
 {¶ 6} SECOND ASSIGNMENT OF ERROR — THE TRIAL COURT ERRED IN SENTENCING THE DEFENDANT TO CONSECUTIVE TERMS OF INCARCERATION WITHOUT SETTING FORTH ADEQUATE REASONS IN SUPPORT OF ITS MANDATORY FINDINGS UNDER R.C. 2929.14(E)(4) AS REQUIRED UNDER 2929.19(B)(2)(c). SUCH FAILURE ON THE PART OF THE TRIAL COURT DENIED THE DEFENDANT DUE PROCESS OF LAW AND RENDERS THE SENTENCE CONTRARY TO LAW FOR PURPOSES OF 2953.08(G)(2)(SIC) R.C.
 {¶ 7} THIRD ASSIGNMENT OF ERROR — THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT IN MAKING FINDINGS UNDER 2929.14(E)(4) WHICH ARE NOT SUPPORTED BY THE RECORD BEFORE THE COURT AT SENTENCING AND IN SUBSEQUENTLY LEVYING CONSECUTIVE SENTENCES WHICH EXCEED THE MAXIMUM TERM ALLOWED BY 2929.14(A). THE SENTENCE THEREFORE IS CONTRARY TO LAW UNDER THE PROVISIONS OF 2953.08(A)(4) AND 2953.08(C).
 {¶ 8} In her first assignment of error, appellant claims that the trial court erred at her resentencing hearing when it failed to give her an opportunity to speak as required under Crim.R. 32(A)(1). We agree. Crim.R. 32 states: "(A) Imposition of sentence * * * At the time of imposing sentence, the court shall do all of the following: (1) Afford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment." (Emphasis added.)
 {¶ 9} Furthermore, the Ohio Supreme Court has determined that Crim.R. 32(A)(1) confers an absolute right of allocution. State v.Green, 90 Ohio St.3d 352, 358, 2000-Ohio-182, 738 N.E.2d 1208; State v.Campbell, 90 Ohio St.3d 320, 324-325, 2000-Ohio-183, 738 N.E.2d 1178. Moreover, the Ohio Supreme Court has concluded that since allocution is an absolute right, it is not subject to waiver regardless of whether the defendant fails to object at the sentencing hearing. Campbell, supra, at 324-325. The right to allocution is also mandatory upon resentencing.State v. Bolton (May 14, 2001), Cuyahoga App. No. 78034; State v. Carte
(Mar. 14, 2001), Summit App. No. 20274; State v. Harper (Jan. 10, 2001), Summit App. No. 20122; State v. Hlavsa (Oct. 19, 2000), Cuyahoga App. No. 77199.
 {¶ 10} After reviewing the transcript from the resentencing hearing, it is clear that the trial court failed to comply with the mandates of Crim.R. 32(A)(1). The court did allow appellant's counsel to speak on her behalf, but did not afford Bellomy her right to make a statement or offer information in mitigation of punishment. In fact, the record indicates that the court did not address Bellomy at all during the resentencing. If a court is to consider a defendant's lack of remorse as a factor in determining the sentence, it must afford the defendant an opportunity to speak to that issue. As Justice Pfeifer wrote in Green, supra, "A Crim.R. 32 inquiry is much more than an empty ritual: it represents a defendant's last opportunity to plead his case or express remorse."
 {¶ 11} The state cites to State v. Reynolds, 80 Ohio St.3d 670,1998-Ohio-171, 687 N.E.2d 1358, in arguing that any error the trial court may have made is harmless. However, in Reynolds, supra, prior to sentencing, the defendant had made an unsworn statement to the jury and had written a letter to the judge. Neither of those facts are present here. Since appellant was not afforded the opportunity to speak at her resentencing hearing, she was deprived of her right to allocution. Her first assignment of error is sustained.
 {¶ 12} In her second and third assignments of error, appellant contends that the trial court erred in imposing consecutive sentences. She asserts that the trial court failed to set forth adequate reasons in support of its findings as required under R.C. 2929.19(B)(2)(c). In addition, she contends that that the reasons given by the trial court were not supported by the record. A defendant may appeal as a matter of right from a sentence that is contrary to law. R.C. 2953.08(A)(4). If a trial court fails to make the findings required by law in order to impose a sentence, the sentence is contrary to law. State v. Jones,93 Ohio St.3d 391, 399, 2001-Ohio-1341, 754 N.E.2d 1252. We may not reverse a sentence unless we find by clear and convincing evidence that the evidence is unsupported by the record, or that it is contrary to law. R.C. 2953.08(G)(1)(a) and (d). Clear and convincing evidence is that degree of proof which will produce in the mind of the trier of fact a firm belief in their existence. State v. Schiebel (1990), 55 Ohio St.3d 71,74, 564 N.E.2d 54.
 {¶ 13} In general, a prison sentence imposed by an Ohio court must run concurrently with any other sentence imposed by any other court in this country. R.C. 2929.41(A). However, a court may impose consecutive sentences under R.C. 2929.14(E)(4) when: "* * * the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following: (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense. (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct. (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
 {¶ 14} The inquiry under R.C. 2929.14(E) involves a "tripartite procedure." State v. Haugh (Jan.24, 2000), Washington App. No. 99CA28. First, the sentencing court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. Second, the trial court must find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and the danger he poses. Finally, the trial court must find the existence of one of the enumerated circumstances in R.C. 2929.14(E)(4)(a) through (c). Jones, supra, at 399; State v. Moore (2001), 142 Ohio App.3d 593,597, 756 N.E.2d 686; State v. Martin (2000), 140 Ohio App.3d 326, 334,747 N.E.2d 318. The verb "finds", as used in R.C. 2929.14(E)(4), means that the court "must note that it engaged in the analysis" required by the statute. State v. Edmonson, 86 Ohio St.3d 324, 326, 1999-Ohio-110,715 N.E.2d 131.
 {¶ 15} Additionally, the court must comply with R.C.2929.19(B)(2)(c), which requires that the sentencing court "make a finding that gives its reasons for selecting the sentences imposed * * * [i]f it imposes consecutive sentences under section 2929.14 of the Revised Code." See, also, Jones, supra, at 399. The requirement that a court give its reasons for selecting consecutive sentences is separate and distinct from the duty to make the findings required by R.C.2929.14(E)(4). State v. Brice (Mar. 29, 2000), Lawrence App. No. 99CA21. Thus, after a sentencing court has made the required findings under R.C.2929.14(E)(4), it must then justify those findings by identifying specific reasons supporting the imposition of consecutive terms. Id. See, also, State v. Blair (Dec. 27, 1999), Scioto App. No. 98CA2588.
 {¶ 16} In this instance, the appellant concedes that the trial court satisfied the requirements of R.C. 2929.19(E)(4) by making the mandatory findings. However, she argues that the trial court failed to state sufficient reasons to support these findings as required under R.C. 2929.19(B)(2)(c). At the sentencing hearing, the court stated: "In this case, the Court, as to the seriousness of this case and this defendant's actions, the defendant in advance of each of the bank robberies went in and cased, viewed the bank, and reported to the offender, Hamilton, what she saw in the bank, whether there were cameras, guards and whatever. She did this each and every time. The defendant knew that Hamilton had a gun before, during and after the commission of these offences (sic). She knew that Hamilton was a convicted, I believe, bank robber, but he had been in prison for 11 years. So she knew he was armed during the robberies. She saw the gun. She knew he had it. She saw it afterwards. She could not help but know the risk of harm to the victims, which would be the bank personnel, customers that would be present in the bank, that the risk of harm to them was very great. She aided and abetted in every respect in these two robberies and the third one. She participated and aided and abetted in committing the two arm (sic) robbery two robberies, and she received a share of the robbery proceeds. She drove the vehicle up to the bank. She went in and cased the bank. She picked Hamilton up after the robberies.
 {¶ 17} The Court finds that the victims in this case suffered mental anguish, fear, fear of working and continuing to work in the bank on one victim. She would not continue to work there. The victims had nightmares. One teller had a gun pointed at her head and, also, a customer and could not return to work and, also, suffered economic harm. Further this Court finds as a recidivism factor, among other things, that there is no finds no genuine remorse on behalf of the defendant."
 {¶ 18} We conclude that this recitation of facts from the trial court was sufficient to satisfy R.C. 2929.19(B)(2)(c). Obviously, the court was concerned with the substantial harm caused to the victims, as well as appellant's knowledge and participation in the crimes. We, therefore, hold that these reasons adequately support the findings made by the trial court.
 {¶ 19} We next turn to appellant's argument that the reasons given by the trial court were not supported by the record. At the original sentencing hearing, the trial court stated that it had reviewed a pre-sentence investigation report that was prepared for the Ross County case. In addition, at the resentencing hearing, the court stated that it had reviewed the record, the oral statements, and the victim impact statements. We see nothing in the record to indicate facts to the contrary. Thus, we conclude that appellant has failed to clearly and convincingly demonstrate that the record does not support the trial court's reasoning. Accordingly, we overrule appellant's second and third assignments of error.
 {¶ 20} Having sustained appellant's first assignment of error, we reverse and remand this case for resentencing in accordance with this opinion.
JUDGMENT REVERSED AND CAUSE REMANDED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND CAUSE REMANDED and that the Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. Evans, J.: Concur in Judgment and Opinion.