DECISION AND JUDGMENT ENTRY
{¶ 1} Michael Garrie appeals his designation as a sexual predator and his sentence. He asserts that the Washington County Court of Common Pleas violated his due process rights in classifying him as a sexual predator because it did not follow the mandatory procedures for a sexual offender classification hearing. We disagree, because Garrie was not entitled to the process that he claimed the trial court denied him. Garrie also argues that the trial court's classification of him as a sexual predator is against the manifest weight of the evidence. Because we find that there is no competent, credible evidence that he is likely to engage in future sexually oriented offenses, we agree. Garrie also asserts that the trial court erred in imposing maximum, consecutive sentences. Because we find that the trial court failed to state its reasons for imposing maximum, consecutive sentences in violation of R.C.2929.19(B)(2)(c) and (d), we agree. Accordingly, we affirm in part and reverse in part the trial court's judgment and remand this case to the trial court.
 I. {¶ 2} In November 1998, the Washington County Grand Jury indicted Garrie for two counts of rape, a violation of R.C. 2907.02; and one count each of aggravated burglary, a violation of R.C. 2911.11; robbery, a violation of R.C. 2911.02; and burglary, a violation of R.C. 2911.12.
 {¶ 3} The victim testified at the jury trial that she was awakened by a knock on her door around 4:00 a.m. on October 31, 1998. She could not see who was at the door, so she opened it and found a man who asked if his girlfriend was there. When the victim replied no, he asked if the victim's boyfriend was home. The victim replied that her boyfriend was not at home. The man asked if he could come in because he was intoxicated. The victim told him he could not, but suggested that he sit in some chairs in the hallway and she would bring him a cordless phone for him to use. The victim got the phone and gave it to the man in the hallway.
 {¶ 4} The man began to use the phone and then suddenly grabbed her and pushed her into the door. The man told the victim that he had a gun. The victim felt what she thought was a gun pushing into her side. After forcing the victim to unhook the phone, he asked her for money. She gave him thirty-five dollars from her purse. The man told her that if she did what he wanted, he would not hurt her. After forcing her to perform oral sex on him and vaginally raping her, the man forced her to take a bath in his presence. The man then warned her not to go to the police and said that if she did he would have people come back and "do something" to her. The man took her cordless phone with him when he left.
 {¶ 5} On cross-examination, the victim admitted that the man did not call her any foul names, and did not force her, after she protested, to take part in performing oral sex on him while he did the same to her.
 {¶ 6} The state introduced Garrie's tape-recorded confession, which corroborated most of the victim's testimony.
 {¶ 7} The jury found Garrie guilty on all charges but the aggravated trespass charge, which was not presented to the jury.
 {¶ 8} The trial court ordered a pre-sentence investigation report (PSIR). The PSIR revealed that Garrie was 19 years old. The victim told the investigator that she was "so afraid that my sons would wake up and see what was happening. I was afraid that he would hurt me if I didn't do what he said." Garrie told the investigator that when he saw that the victim was dressed only in a bed sheet, "the alcohol took over." Garrie claimed that he had consumed about one and a half cases of beer at a party that evening.
 {¶ 9} The PSIR also indicated that Garrie had been convicted of aggravated assault and theft of goods in Louisiana and had one drug-related juvenile offense in Louisiana.
 {¶ 10} The trial court held a combined sexual offender classification hearing and sentencing hearing. The state did not present any additional testimony in support of its argument that Garrie is a sexual predator.
 {¶ 11} The trial court classified Garrie as a sexual predator, but did not give its reasons.
 {¶ 12} The trial court stated that it had considered the principles and purposes of sentencing and the statutory seriousness and recidivism factors. The trial court specifically found that a non-prison sanction would demean the seriousness of the offenses, and would not adequately punish Garrie or protect the public. The trial court also found that the factors increasing seriousness outweigh those decreasing it and that there is a likelihood of recidivism. The trial court imposed more than the minimum sentence because it had concluded that the shortest prison term would demean the seriousness of the offenses and would not adequately protect the public. The trial court found that, as to the rapes, Garrie committed the worst form of the offenses and that consecutive sentences are necessary to protect the public from future crimes and not disproportionate to the seriousness of his conduct and the danger he poses to the public, and that the harm caused by the defendant was great and unusual and no single prison term for any of the offenses committed reflects the seriousness of Garrie's conduct.
 {¶ 13} The trial court sentenced Garrie to seven years on the aggravated burglary and five years on the robbery, to be served concurrent to each other and consecutive to the rape sentences. The trial court then sentenced Garrie to ten years on each rape, to be served concurrent with each other but consecutive to the robbery and aggravated burglary charges. Thus, the trial court imposed a total sentence imposed of seventeen years. The trial court ended its sentencing by stating: "in this case, the victim was in the privacy of her own home in the late nighttime hours, early morning, it was still dark, and there was the threat of the use of a gun."
 {¶ 14} In its journal entry, the trial court found that the state had proven by clear and convincing evidence that Garrie is likely to engage in one or more sexually oriented offenses, and that the sentence it imposed is reasonably calculated to achieve these purposes and is commensurate with and does not demean the seriousness of the crime and its impact on the victim. The trial court further found that consecutive sentences were imposed for the reason that the "harm caused was great or unusual."
 {¶ 15} Garrie appeals and asserts the following assignments of error:[1]
 "II. Mr. Garrie was denied his constitutional right to due process of law when the state failed to prove by clear and convincing evidence that Mr. Garrie is a sexual predator.
 "III. The trial court violated Mr. Garrie's right to due process of law by imposing maximum, consecutive sentences in violation of Ohio law."
 II. {¶ 16} In his second assignment of error, Garrie argues that the trial court violated his due process rights in classifying him as a sexual predator. First, he asserts that he did not receive due process during the sexual offender classification hearing. Second, he asserts that the trial court erred in classifying him as a sexual predator.
 {¶ 17} A sexual predator is defined as a person who has been convicted of or has pled guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses. R.C. 2950.01(E); State v. Eppinger (2001), 91 Ohio St.3d 158,163. Sexual offender classification proceedings under R.C. 2950.09 are civil in nature and require the prosecution to prove by clear and convincing evidence that an offender is a sexual predator. R.C. 2950.09(B);Eppinger; State v. Cook (1998), 83 Ohio St.3d 404, 408.
 {¶ 18} We will not reverse a trial court's determination that an offender is a sexual predator if some competent, credible evidence supports it. State v. Morris (July 18, 2000) Washington App. No. 99CA47;State v. Daugherty, (Nov. 12, 1999) Washington App. No. 99CA09; State v.Meade, (Apr. 30, 1999) Scioto App. No. 98CA2566. This deferential standard of review applies even though the state must prove the offender is a sexual predator by clear and convincing evidence. Meade; see, also,State v. Hannold, (June 28, 1999) Washington App. No. 98CA40.
 {¶ 19} In order to determine if the offender is likely to engage in future sexually oriented offenses, the trial court must consider all relevant factors, including, but not limited to, those listed in R.C.2950.09(B)(2). Those factors include:
 {¶ 20} "(a) The offender's age;
 {¶ 21} "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 22} "* * *
 {¶ 23} "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 {¶ 24} "(g) Any mental illness or mental disability of the offender;
 {¶ 25} "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 26} "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 {¶ 27} "(j) Any additional behavioral characteristics that contribute to the offender's conduct."
 {¶ 28} A judge must consider the factors set out in R.C.2950.09(B)(2), but has discretion to determine what weight, if any, he or she will assign to each factor, and may consider any other evidence he or she believes is relevant to determining recidivism. R.C. 2950.09; Statev. Thompson (2001), 92 Ohio St.3d 584, 588.
 A. {¶ 29} We first consider Garrie's argument that the trial court violated his right to due process when it conducted the sexual offender classification hearing.
 {¶ 30} While the statute does not require a trial court to make explicit findings regarding relevant statutory factors, see Hannold;State v. Smith, (July 20, 1998) Hocking App. No. 97CA10, in a model
sexual offender classification hearing, the trial court considers all statutory factors and discusses on the record "the particular evidence and factors upon which it relies in making its determination * * *."Eppinger, 91 Ohio St.3d at 166, citing State v. Thompson (1999),140 Ohio App.3d 638. First, a record must be created for review.Eppinger, 91 Ohio St.3d at 166. Second, an expert may be required and the trial court should engage in the analysis as set forth in Eppinger if the defense requests a court-appointed expert. Id. Third, a trial court "should consider the statutory factors listed in R.C. 2950.09(B)(2), and should discuss on the record the particular evidence and factors upon which it relies in making its determination" regarding the factors.
 {¶ 31} Garrie argues that his due process rights were violated because the trial court "short-circuited" the hearing procedures necessary under R.C. 2950.09. Garrie asserts that the sexual offender classification hearing was in violation of Eppinger's requirements. Garrie specifically claims that the trial court failed to discuss on the record the particular evidence and factors it relied upon in determining that Garrie was likely to commit future sex offenses.
 {¶ 32} In Eppinger, the Ohio Supreme Court stated that the trial court "should discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism." 91 Ohio St.3d at 166. (Emphasis added). The Court "suggest[ed these] standards for the trial courts [to] aid the appellate courts in reviewing the evidence on appeal and ensure a fair and complete hearing for the offender. Id. at 167.
 {¶ 33} The Eppinger Court never required the trial court to discuss on the record the particular evidence and factors it relied upon in determining recidivism and R.C. Chapter 2950 does not require it. Accordingly, we reject his argument that his due process rights were violated during the sexual offender classification hearing because he was not due the process that he asserts he was denied.
 B. {¶ 34} Because Garrie also complains that the evidence adduced at the sexual offender classification hearing was not sufficient to designate him a sexual predator, we will determine if the trial court's finding is against the manifest weight of the evidence.
 {¶ 35} We will not reverse a trial court's determination that an offender is a sexual predator if some competent, credible evidence supports it. State v. Morris (July 18, 2000) Washington App. No. 99CA47;State v. Daugherty, (Nov. 12, 1999) Washington App. No. 99CA09; State v.Meade, (Apr. 30, 1999) Scioto App. No. 98CA2566. This deferential standard of review applies even though the state must prove the offender is a sexual predator by clear and convincing evidence. Meade; see, also,State v. Hannold, (June 28, 1999) Washington App. No. 98CA40.
 {¶ 36} A trier of fact may look at past behavior in determining future propensity because past behavior is often an important indicator for future propensity. State v. Hardie, (Jan. 4, 2001) Washington App. No 00CA14; State v. Bartis, (Dec. 9, 1997) Franklin App. No. 97APA05-600, citing Kansas v. Hendricks (1997), 521 U.S. 346, and Heller v. Doe
(1993), 509 U.S. 312, affirmed (1998), 84 Ohio St.3d 9. For that very reason a court may designate a first time offender as a sexual predator. See, e.g., Meade; State v. Watts, (May 29, 1998) Montgomery App. No. 16738.
 {¶ 37} A court is under no obligation to "tally up" the R.C.2950.09(B)(2) factors in any particular fashion. State v. Clutter, (Jan. 28, 2000) Washington App. No. 99CA19; State v. Mollohan, (Aug. 19, 1999) Washington App. No. 98CA13. A court may classify an offender as a "sexual predator" even if only one or two statutory factors are present, so long as the totality of the relevant circumstances provides clear and convincing evidence that the offender is likely to commit a future sexually oriented offense. Id. A court may properly designate an offender as a sexual predator even in the absence of expert testimony from the state. State v. Meade, (Apr. 30, 1999) Scioto App. No. 98CA2566.
 {¶ 38} Garrie was convicted of two counts of rape, a violation of R.C. 2907.02. R.C. 2907.02 is a sexually oriented offense. R.C.2950.01(D)(1). Because Garrie was convicted of a sexually oriented offense, he meets the first prong of the definition of a sexual predator. R.C. 2950.01(E).
 {¶ 39} We find that there is no competent, credible evidence to support the trial court's conclusion that Garrie is likely to engage in future sexually oriented offenses. Not every sex offender is a sexual predator. This is Garrie's first sex offense. Given the paucity of evidence and the lack of expert testimony surrounding the issue of whether Garrie is likely to engage in future sexually oriented offenses, we must conclude that the trial court's finding that Garrie is a sexual predator is against the manifest weight of the evidence and sustain that portion of his second assignment of error that alleges that the trial court erred in designating him as a sexual predator.
 III. {¶ 40} In his third assignment of error, Garrie argues that the trial court erred in imposing maximum, consecutive sentences upon him. He argues that the record does not support the maximum, consecutive sentences and that the trial court did not articulate its reasons for imposing maximum, consecutive sentences.
 {¶ 41} R.C. 2953.08(A)(4) provides that a defendant who is convicted of a felony may pursue an appeal on the ground that the sentence is contrary to law. If a trial court fails to make the findings required by law in order to impose a sentence, the sentence is contrary to law. State v. Jones (2001), 93 Ohio St.3d 391, 399. We must not reverse a felony sentence unless we find, by clear and convincing evidence, that the sentence is unsupported by the record, or contrary to law. R.C. 2953.08(G)(1)(a) and (d).
 {¶ 42} The appellate court may modify the sentence upon clearly and convincingly finding that the sentence is not supported by the record, the sentence erroneously includes or excludes a prison term, or the sentence is contrary to law. R.C. 2953.08(G)(1)(a)-(d).
 {¶ 43} In applying this standard of review, we do not substitute our judgment for that of the trial court. Rather, we look to the record to determine whether the sentencing court: (1) considered the statutory factors, (2) made the required findings, (3) relied on substantial evidence in the record supporting those findings, and (4) properly applied the statutory guidelines. State v. Persons, (Apr. 26, 1999) Washington App. No. 98CA17, citing Griffin Katz, Ohio Felony Sentencing Law (1999) 542-547, Section 9.16-9.20.
 A. {¶ 44} Garrie argues that the consecutive nature of his sentences are contrary to law because the trial court did not give its reasons for imposing consecutive sentences as required by R.C. 2929.19(B)(2)(c).
 {¶ 45} Under the statutory framework of R.C. 2929.14(E)(4), the sentencing court may not impose consecutive sentences unless it finds three statutory factors applicable.[2] Jones; State v. Moore (2001)142 Ohio App.3d 593, 597. First, the court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. R.C. 2929.14(E)(4). Second, the court must find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public.Id. Third, the court must find that at least one of the three factors enumerated in R.C. 2929.14(E)(4)(a)-(c) applies to the offender. That factor may be that the harm caused by the multiple offenses was great or unusual. R.C. 2929.14(E)(4)(b).
 {¶ 46} R.C. 2929.19(B)(2)(c) requires a trial court to "make a finding that gives its reasons for selecting the sentence imposed" if the trial court imposes consecutive sentences pursuant to R.C. 2929.14. Statev. Jones (2001), 93 Ohio St.3d 391, 399. This requirement "goes above and beyond the requirement that a court make the findings required by R.C.2929.14(E)(4)." State v. Brice (Mar. 29, 2000), Lawrence App. No. 99CA21, citing State v. Edmonson (1999), 86 Ohio St.3d 324.
 {¶ 47} Here, even though the trial court made the three findings required by R.C. 2929.14(E)(4), it failed to state its reasons for imposing consecutive sentences. The statement in the sentencing entry that it imposed consecutive sentences because the harm caused by the offenses was great or unusual is identical to one of the required statutory findings, R.C. 2929.14(E)(4)(b), so we cannot consider it to be a statement of the reasons for imposing consecutive sentences as required by R.C. 2929.19(B)(2)(c). See Brice. Thus, we must find that the trial court erred in imposing consecutive sentences. See Jones. We do not review Garrie's argument that the record does not support consecutive sentences because it is moot. App.R. 12(A)(1)(c).
 B. {¶ 48} In reviewing the trial court's imposition of maximum sentences upon Garrie, we note that R.C. 2929.14(C) establishes the public policy disfavoring maximum sentences except for the most deserving offenders. Edmonson, 86 Ohio St.3d at 328. R.C. 2929.14(C) prohibits a trial court from imposing the maximum term of imprisonment for an offense unless the trial court determines that the offender falls into one of four classifications. State v. Riggs, (Sept. 13, 1999) Washington App. No. 98CA39, citing State v. Holsinger, (Nov. 20, 1998) Pike App. No. 97CA605. Maximum sentences are reserved for those offenders who: (1) have committed the worst forms of the offense; (2) pose the greatest likelihood of committing future crimes; (3) certain major drug offenders; and (4) certain repeat violent offenders. R.C. 2929.14(C).
 {¶ 49} R.C. 2929.19(B)(2)(d) requires a trial court to "make a finding that gives its reasons for selecting the sentence imposed" if the sentence is for the maximum term, and requires a trial court to set forth its "reasons for imposing the maximum prison term." Edmonson at 328. See, also, Riggs; State v. Lenegar, (Feb. 3, 1999) Vinton App. No. 98CA521.
 {¶ 50} Here, even though the trial court made the required findings, it failed to state its reasons for imposing maximum sentences. Thus, we must find that the trial court erred in imposing maximum sentences. See Edmonson. We do not review Garrie's arguments that the record does not support maximum sentences because they are moot. App.R. 12(A)(1)(c).
 C. {¶ 51} Because we find that Garrie's sentence is contrary to law because the trial court did not comply with R.C. 2929.19(B)(2)(c) and (d), we sustain his third assignment of error.
 IV. {¶ 52} In sum, we overrule Garrie's second assignment of error in part, sustain his second assignment of error in part, and sustain his third assignment of error. Garrie has conceded that his first assignment of error is without merit. Accordingly, we reverse the trial court's classification of Garrie as a sexual predator, reverse the trial court's imposition of maximum, consecutive sentences, and remand this case to the trial court.
JUDGMENT AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
[1] In his brief, Garrie asserted in his first assignment of error that the trial court erred in convicting him of aggravated trespassing; however, in his reply brief, he conceded that his argument in support of his first assignment of error was without merit. Therefore, we do not consider it.
[2] In Edmonson, the Ohio Supreme court analyzed the verb "finds" within the context of R.C. 2929.14(B), which describes what a sentencing court must find before sentencing a first-time offender to a prison term longer than the minimum term authorized by statute. In our view, the word "finds" carries the same meaning in R.C. 2929.14(B) as it does in R.C.2929.14(E)(4). Moore, 142 Ohio App.3d at 598. Thus, the trial court's sentencing entry should include the trial court's findings regarding the sentencing factors as well as the facts in the record supporting those findings. See State v. Reed, 2000 Ohio 2028, 2000 Ohio App. LEXIS 6337 (Dec. 26, 2000) Washington App. No. 00CA01. However, in the interests of justice we may examine the entire record to determine the basis of a lower court judgment. Id. at fn. 1, citing State v. Blair, (Dec. 27, 1999) Scioto App. Nos. 98CA2588 98CA2589, citing State v.Patterson, (Sept. 21, 1998) Washington App. No. 97CA28. Therefore, in felony sentencing cases, while a trial court must give its reasons for its findings, they need not be specified in the sentencing entry as long as they are discernable from the record as a whole. Id. However, the better practice is to articulate both the findings and reasons for the findings, when required, in the sentencing entry. Id.