DECISION AND JUDGMENT ENTRY
{¶ 1} Andrew Mosher appeals the Athens County Common Pleas Court's judgment that imposed consecutive sentences. He contends the court's reasons for imposing consecutive sentences are legally insufficient on two grounds: (1) they bear no relationship to the findings required for consecutive sentences and (2) they merely duplicate the reasons given for imposing the basic prison term. We conclude the court's articulated reasons adequately support its findings regarding consecutive sentences. Moreover, we conclude the trial court did not err when it relied on reasons also used to justify the basic prison term since the factors relevant to consecutive sentences are often relevant to other sentencing determinations.
 {¶ 2} Over a three-day period in May 2002, Mosher, a student at Ohio University, assaulted seven female students. Each of the assaults occurred inside a campus dormitory. Following is a brief description of the seven incidents: 1. On May 16, at approximately 12:15 a.m., Mosher approached victim #1. Mosher grabbed the female's breast and stated "Do you want to f***?" When she said no and attempted to move away, Mosher pushed her against a wall and stated "Come on f*** me." He then took her by the arm and attempted to push her down the hall into a secluded area. The female was able to escape. 2. One hour later, Mosher approached victim #2, grabbed her on her stomach, and moved his hands up to her breasts. 3. Less than one hour after the second incident, Mosher entered a women's shower where victim #3 was showering. Mosher asked the female if he could see her vaginal area. She replied "no" and told him to leave. Mosher then moved closer to the female and repeated his request. When she again told him to leave, Mosher began to run his hand up her inner thigh. He fled when she began screaming. 4. On May 17, at approximately 12:30 a.m., Mosher reached under the skirt of victim #4 and grabbed her buttocks. The female fled the building. When she re-entered, Mosher grabbed her again and reached up the front and rear of her skirt. 5. Less than one hour later, Mosher pinned victim #5 against a wall and used one hand to fondle her breast and the other to grab her below the waist. 6. Near the same time, Mosher approached victim #6 and grabbed her buttocks. 7. On May 18, at approximately 3:00 p.m., Mosher grabbed victim #7's buttocks.
 {¶ 1} The police apprehended Mosher following the seventh incident. That same month, the grand jury indicted Mosher on one count of attempted rape in violation of R.C. 2907.02 and six counts of gross sexual imposition in violation of R.C. 2907.05(A)(1). At arraignment, Mosher pled not guilty. In September 2002, however, the parties entered into a plea agreement. As part of the plea agreement, the state amended Count I of the indictment from attempted rape to gross sexual imposition. Mosher then pled guilty to seven counts of gross sexual imposition, a felony of the fourth degree. In November 2002, the court sentenced Mosher to one-year for each of the seven counts. The court ordered that four of the one-year sentences be served consecutively and that the remaining three years be served concurrent with the four-year sentence. Mosher now appeals, raising the following assignment of error: "The trial court erred as a matter of law in imposing consecutive sentences where the reasons expressed are legally insufficient under O.R.C. § 2929.19(B)(2)(c)."
 {¶ 1} A defendant has an appeal of right where the sentence is contrary to law. R.C. 2953.08(A)(4). We may not reverse a sentence unless we find by clear and convincing evidence that the sentence is not supported by the record or that it is contrary to law. R.C. 2953.08(G)(2); See, also, State v. Holsinger (Nov. 20, 1998), Pike App. No. 97CA605. In this context we do not substitute our judgment for that of the trial court nor do we simply defer to its discretion. State v. Keerps, Washington App. No. 02CA2, 2002-Ohio-4806. Rather, we will look to the record to determine whether the sentencing court: 1) considered the statutory factors; 2) made the required findings; 3) relied on substantial evidence in the record to support those findings; and 4) properly applied the statutory guidelines. See State v. Dunwoody (Aug. 5, 1998), Meigs App. No. 97CA11, citing Griffin Katz, Ohio Felony Sentencing Law (1998 Ed.), Section 9.16.
 {¶ 2} Generally, trial courts in Ohio must impose concurrent prison sentences. R.C. 2929.41(A). However, a court may impose consecutive sentences under R.C. 2929.14(E)(4) when "* * * the court finds that consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following: (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense. (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct. (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 3} The inquiry under R.C. 2929.14(E)(4) involves a "tripartite procedure." State v. Haugh (Jan. 24, 2000), Washington App. No. 99CA28. First, the sentencing court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. Second, the trial court must find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and the danger he poses to the public. Finally, the trial court must find the existence of one of the enumerated circumstances in R.C. 2929.14(E)(4)(a) through (c). State v. Moore, 142 Ohio App.3d 593, 597, 2001-Ohio-2376,756 N.E.2d 686; State v. Martin, 140 Ohio App.3d 326, 334,2000-Ohio-1942, 747 N.E.2d 318. The verb "finds", as used in R.C.2929.14(E)(4), means that the court "must note that it engaged in the analysis" required by the statute. State v. Edmonson, 86 Ohio St.3d 324,1999-Ohio-110, 715 N.E.2d 131.
 {¶ 4} Additionally, the court must comply with R.C.2929.19(B)(2)(c), which requires that the sentencing court "make a finding that gives its reasons for selecting the sentences imposed * * * [i]f it imposes consecutive sentences under section 2929.14 of the Revised Code." See State v. Jones, 93 Ohio St.3d 391, 399,2001-Ohio-1341, 754 N.E.2d 1252. The requirement that a court give its reasons for selecting consecutive sentences is separate and distinct from the duty to make the findings required by R.C. 2929.14(E)(4). State v.Brice (Mar. 29, 2000), Lawrence App. No. 98CA24. Thus, after a sentencing court has made the required findings under R.C. 2929.14(E)(4), it must then justify those findings by identifying specific reasons supporting the imposition of consecutive terms. Id. See, also, State v. Blair (Dec. 27, 1999) Scioto App. Nos. 98CA2588, 98CA2589.
 {¶ 5} Mosher's assignment of error states: "The trial court erred as a matter of law in imposing consecutive sentences where the reasons expressed are legally insufficient under O.R.C. § 2929.19(B)(2)(c)." In the first issue he addresses, Mosher contends the reasons articulated by the court do not support the court's findings regarding consecutive sentences. In its sentencing entry, the court stated: "The Court also finds that consecutive sentences are necessary to protect the public and is (sic) not disproportionate to the crimes committed." Thus, the sentencing entry makes the first required finding. However, the sentencing entry only makes half of the second required finding, contains no mention of the third required finding, and lacks reasons justifying the court's imposition of consecutive sentences. Therefore, we must look to the transcript of the sentencing hearing to determine whether the court complied with the felony sentencing guidelines. See State v.Keerps, Washington App. No. 02CA2, 2002-Ohio-4806, at ¶ 21; Statev. Johnson, Washington App. No. 01CA5, 2002-Ohio-2576, fn. 9.
 {¶ 6} At the sentencing hearing, the court discussed the relevant seriousness and recidivism factors under R.C. 2929.12(B)-(E) as well as the factors that led the court to conclude it was necessary to impose a prison term. The court then stated: "* * * the Court also finds pursuant to 2929.14(E)(4) that consecutive prison terms are necessary to protect the public from future crimes, punish this offender and that consecutive sentences are not disproportionate to the seriousness of the defendant's conduct and to the danger defendant poses to the public as the harm caused by multi[ple] offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the conduct." Following this statement, the court articulated its reasons for imposing consecutive sentences. The court indicated that the factors it discussed in imposing the basic prison term also justified the imposition of consecutive sentences. The court again noted that Mosher committed seven sex offenses in three days, that the victims did nothing to induce or facilitate the offenses, and that some of the incidents involved force. The court also noted that Mosher caused the victims to be concerned for their safety.
 {¶ 7} The transcript of the sentencing hearing indicates that the court made the three findings required for the imposition of consecutive sentences. The transcript also indicates that the court gave its reasons in support of those findings. Mosher, however, contends the reasons advanced by the court do not support the imposition of consecutive sentences.
 {¶ 8} First, the court found that consecutive sentences were necessary to protect the public and to punish Mosher. As the court noted, Mosher assaulted seven females within a three-day period. Moreover, some of the incidents involved force. For example, Mosher pushed victim #1 against a wall and then grabbed her arm and tried to push her into a secluded area. Also, Mosher approached victim #3 while she was in the shower and grabbed her inner thigh. These factors adequately support the trial court's finding that consecutive sentences were necessary to punish Mosher.
 {¶ 9} Although the court found that consecutive sentences were necessary to protect the public and to punish Mosher, the statute does not require both findings. Rather, the statute requires a finding that consecutive sentences are necessary to protect the public or to punish the offender. See R.C. 2929.14(E)(4). Because we find that the court's reasons support a finding that consecutive sentences are necessary to punish Mosher, we need not address whether the court's reasons are sufficient to support its finding that consecutive sentences are necessary to protect the public.
 {¶ 10} Second, the court found that consecutive sentences were not disproportionate to the seriousness of Mosher's conduct and the danger he poses to the public. Unlike the first required finding, the second finding requires an inquiry into both prongs. See State v. Littlefield, Washington App. No. 02CA19, 2003-Ohio-863, at ¶ 16. Thus, the court must find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and the danger the offender poses to the public. See R.C. 2929.14(E)(4). However, the balance or relative weight to be given each prong is left largely to the sentencing court's discretion. Littlefield.
 {¶ 11} We will first address the court's finding regarding the seriousness of Mosher's conduct. The court found that Mosher, in the course of three days, assaulted seven females at random. The court noted that none of the females induced or facilitated the incidents and that some of the incidents involved force. Moreover, the court indicated that Mosher's actions caused the female victims to fear for their safety. In its earlier factual findings, which the court expressly incorporated into its consecutive sentence analysis, the court indicated that the female victims suffered psychological harm as a result of Mosher's actions. The court also noted that Mosher's conduct caused not only the victims to fear for their safety but also caused other students on campus to be concerned about their safety. Given these factors, we conclude the court's reasons adequately support its finding that consecutive sentences were not disproportionate to the seriousness of Mosher's conduct.
 {¶ 12} Next, we address the court's finding regarding the danger Mosher poses to the public. Although the court did not specifically discuss recidivism under its consecutive sentence findings, it did indicate that it based its decision to impose consecutive sentences on its earlier factual findings, which contained a consideration of the recidivism factors.[1] In discussing the recidivism factors, the court noted that Mosher had a prior misdemeanor conviction and had not responded favorably to previous sanctions, both of which indicate a likelihood of recidivism. The court also noted the presence of factors indicating Mosher was less likely to recidivate. The court indicated that Mosher had not previously been adjudicated a delinquent child and that he expressed remorse for his actions. Mosher points out that psychological evaluations provided to the court also indicated that recidivism was unlikely.[2] While we recognize the presence of factors indicating an unlikelihood of recidivism, we conclude the court's articulated reasons adequately support its finding. The record indicates that Mosher has a prior misdemeanor conviction for telephone harassment.[3] Despite that prior conviction and the sanctions associated with it, Mosher committed the present offenses. In addition, the very nature of the present offenses illustrates the danger Mosher poses to the public. As the court repeatedly mentioned, Mosher assaulted seven females at random within a three-day period. Moreover, as we stated above, the relative weight to be given to each of the two prongs under the second required finding lies in the trial court's discretion. See State v. Littlefield, Washington App. No. 02CA19, 2003-Ohio-863, at ¶ 16. Here, the trial court made the required finding and gave reasons in support of both prongs. Moreover, it appears the court, in its discretion, gave more weight to the seriousness component.
 {¶ 13} Third, the court found that the harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct would adequately reflect the seriousness of the conduct. Mosher acknowledges that the court's reasons address the harm suffered by the victims. However, he contends the court's reasons do not address a "great or unusual" harm beyond that inherent in the crime of gross sexual imposition.
 {¶ 14} The court indicated that Mosher's actions caused the female victims to fear for their safety during the three- day period. The court also recognized that, because of Mosher's actions, the female victims remain concerned about their safety. According to the court, Mosher's actions caused the victims psychological harm. Having reviewed the record, we conclude the court's reasons adequately support its finding that the harm suffered was so great or unusual that no single prison term would adequately reflect the seriousness of Mosher's conduct. Prior to sentencing, the court reviewed three victim impact statements. Moreover, two of the victims spoke at the sentencing hearing. Victim #7 spoke about how Mosher's actions affected her life, stating: "* * * I'm constantly walking around now, looking over my shoulder, afraid or (sic) whose behind me and whenever I'm in the stairwell of my dormitory, I won't let any male walk behind me without having to stop and let him go to the top of the stairway first. * * *." In addition, the Victims Assistance Director read a statement prepared by victim #3, which stated: "* * * The crime that was committed against [me] changed my life and left me with emotional scars. Immediately after the incident occurred I had difficulty studying, sleeping and lost interest in the activities that I normally enjoyed. I could not take a shower without constantly looking over my shoulder and [was] afraid to close my eyes for fear that someone would be standing right there next to me again. I was completely helpless and felt entirely violated for a complete stranger to see me naked. * * *."
 {¶ 15} While the court's ultimate sentence of four years appears harsh, we cannot say the court erred in imposing consecutive sentences. The record indicates that the court considered the statutory factors and made the three statutorily required findings. The record also indicates that the court articulated reasons to support the three required findings. Because the court relied on substantial evidence in the record to support its findings, we conclude that Mosher's sentence is not contrary to law. Thus, Mosher's first argument under his assignment of error has no merit.
 {¶ 16} In his second issue, Mosher contends his sentence is contrary to law because the court's reasons for imposing consecutive sentences merely reiterate the reasons given for imposing the basic prison term. Mosher relies on our decision in State v. Volgares (May 17, 1999), Lawrence App. No. 98CA6 (Volgares I) to support his argument that the court cannot merely duplicate its earlier factual findings when articulating its reasons for imposing consecutive sentences.
 {¶ 17} In Volgares I, the trial court imposed consecutive sentences totaling thirty-seven years to life imprisonment. Although the court indicated that it had "considered" the factors contained in R.C.2929.14(E)(4), the court failed to provide specific factual findings regarding the "considered" factors. The record indicated that the trial court had made specific findings aimed at justifying the basic prison terms in an attempt to comply with statutory sentencing factors contained in R.C. 2929.12 and 2929.13. However, we held that those findings did not qualify as a specific finding in support of consecutive sentences, but rather "constitute[d] a laundry list of factors to justify the prison terms chosen by the trial court." Volgares I.
 {¶ 18} The present case is distinguishable from Volgares I. There, the trial court indicated that it had "considered" the statutory factors, but failed to make specific findings related to those factors. Moreover, in Volgares I, the court failed to articulate reasons justifying the imposition of consecutive sentences. Here, the trial court made the three findings required by R.C. 2929.14(E)(4). Following those findings, the court expressly incorporated its earlier factual findings concerning the basic prison term into its consecutive sentence analysis, stating: "Now the Court makes that (sic) findings and basis that (sic) findings on the factors that I just talked about * * *." The trial court then proceeded to highlight factors that it found particularly relevant to the imposition of consecutive sentences. Thus, unlike the court inVolgares I, the court in the present case provided reasons to support the imposition of consecutive sentences.
 {¶ 19} Moreover, in State v. Volgares (June 30, 2000), Lawrence App. No. 99CA25 (Volgares II) we recognized that the trial court's reasons for imposing consecutive sentences often overlap with factors found elsewhere in the felony sentencing law. In Volgares II, we stated: "Indeed, it is often the case that reasons supporting consecutive sentences are also relevant to other sentencing determinations, such as the decision to impose more than a minimum term or the decision to imprison rather than impose community control sanctions." Thus, a trial court's reason supporting consecutive sentences is not invalid simply because the court also considered that reason elsewhere in its felony sentencing analysis. Accordingly, Mosher's second argument under his assignment of error has no merit.
 {¶ 20} Because we conclude that Mosher's sentence is supported by the record and is not contrary to law, we overrule his assignment of error and affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Evans, P.J. Kline, J.: Concur in Judgment and Opinion.
[1] In the future, we encourage courts in our district to discuss all of the reasons justifying the imposition of consecutive sentences under the required findings even if it requires repetition of factors discussed earlier in the felony sentencing analysis. Moreover, the better practice is to align each rationale with the individual finding that it supports. See State v. Brice (March 29, 2000), Lawrence App. No. 98CA24.
[2] Prior to sentencing, Mosher's counsel submitted a sentencing memorandum to the court. Attached to the memorandum was a letter from Mosher's therapist, which indicated that Mosher's prognosis was "excellent" if he continued in ongoing psychotherapy.
[3] In his brief, Mosher indicates that his prior conviction was for persistent disorderly conduct. However, the presentence investigation report indicates that Mosher's previous conviction was for telephone harassment.